UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, :<br><br>  Plaintiff, :<br><br>vs. :<br><br>MICHAEL A. SIMPSON, :<br><br>  Defendant. : | CASE NO. 1:17-cr-00271<br><br>ORDER<br>[Resolving Doc. 26] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 3, 2018, this Court committed Defendant to the custody of the Bureau of Prisons, ("BOP"), for a 41-month term of imprisonment, followed by a three-year term of supervised release.[1] The Court declined to run the Defendant's sentence of federal imprisonment concurrently with his state sentence.[2]

The Court's January 3 Judgment credited the Defendant for time served in federal custody for the offense to which he pled guilty.[3]

On October 22, 2019, Defendant Simpson submitted a motion asking this Court to send the BOP an amended judgment indicating that Defendant should be credited for time served, which he claims is not currently on his sentence computation data sheet.[4]

For the following reasons, the Court **AFFIRMS** its prior judgment and **DENIES**

---

[1] Doc. 22 at 2.
[2] *Id.*
[3] *Id.* at 1. Simpson pled guilty to a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) for being a felon in possession of a firearm.
[4] Doc. 26.

Case No. 1:17-cr-00271
Gwin, J.

Defendant's request to order the BOP to credit Defendant with the requested amount of time served.

### I. The BOP has the sole authority over administering the Defendant's sentence.

Once a federal offender is sentenced, it is the Attorney General, through the BOP, who has the responsibility for administering the sentence.[5] To fulfill its duty, the BOP must calculate how much of the sentence the offender has left to serve. That determination includes how much jail-time credit the prisoner is entitled under § 3585(b).

Because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.[6]

The terms under which credit may be granted are as follows:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.[7]

### II. Defendant was in the State of Ohio's custody while awaiting federal sentencing.

Simpson claims that from June 15, 2017 to January 3, 2018 he was in federal detention but has not been granted credit against his federal sentence for that time.

---

[5] 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed.").
[6] *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) ("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons.").
[7] 18 U.S.C. § 3585(b).

"It is well-settled, as between a state and the United States, that the governmental entity which first retains physical possession of a defendant may proceed in its sovereign capacity with a trial, sentencing and imprisonment before the second sovereign gains jurisdiction. This 'right of first possession' provides that the entity which first takes a defendant into custody never loses jurisdiction until the defendants satisfies his obligation to the entity."[8] Therefore, the state retained primary jurisdiction over Simpson until he satisfied his obligation to the state.

As of June 15, 2017, Simpson was in the exclusive custody of the State of Ohio. According to Simpson's presentence report, the state sentenced him to 24 months in jail for the probation violation he committed in conjunction with the instant offense.[9] Therefore, when Simpson was indicted on July 19, 2017 in federal court, he was still in Ohio's custody. Federal authorities "borrowed" Simpson via writ of habeas corpus ad prosequendum. Under section 3585, a prisoner is not in custody when he appears in federal court pursuant to a writ ad prosequendum; he is merely "on loan" to federal authorities.[10]

The State of Ohio secured primary jurisdiction over Simpson in June 2017, which continued until his state sentence expired. As such, Simpson was not in federal custody pursuant § 3585 from June 15, 2017 until January 3, 2018 as he alleges. The statute only provides pre-sentence credit when the defendant is in exclusive federal custody,

---

[8] *Ware v. Merlak*, No. 4:17 CV 1680, 2018 WL 3619389, at *3-4 (N.D. Ohio July 30, 2018) (quoting *Jones v. Farley*, No. 4:12-CV-0671, 2012 WL 4506002 (N.D. Ohio Sept. 28, 2012)) (internal citations omitted).
[9] Doc. 20 at 9.
[10] *See Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir.1991).

unencumbered by any other obligation to state or federal authorities.  Simpson has not made that claim.  Therefore, consistent with 18 U.S.C. § 3585, he is not entitled to pre-sentence federal credit from June 15, 2017 to January 3, 2018.

    IT IS SO ORDERED.

Dated:  November 18, 2019                  *s/      James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE